UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CINDY HOOKANO,

    Plaintiff,

 v.

CAROLYN COLVIN, Acting Commissioner of Social Security,

    Defendant.

CASE NO. C14-5641 BHS

ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION

  This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 18), and Plaintiff Cindy Hookano's ("Hookano") objections to the R&R (Dkt. 19).

  On May 4, 2015, Judge Christel issued the R&R recommending that the Court affirm the Administrative Law Judge's ("ALJ") decision that Hookano was not disabled. Dkt. 18. On May 18, 2015, Hookano filed objections. Dkt. 19. On May 26, 2015, the Government responded. Dkt. 20. Hookano did not file a reply.

  Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's recommended disposition. Rule 72(b) provides as follows:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

ORDER - 1

Hookano objects to Judge Christel's recommended disposition on three grounds. First, Hookano argues that Judge Christel improperly concluded that the ALJ provided clear and convincing reasons for discrediting her testimony. Dkt. 19 at 1–2. The ALJ found Hookano's alleged impairments and functional limitations not fully persuasive and inconsistent with the medical evidence. AR 29–30. As Judge Christel discussed, the ALJ's findings are supported by substantial evidence. *See* Dkt. 18 at 4–5; AR 360–61, 456, 469, 473, 525–26, 537, 539, 661–62. The Court therefore agrees with Judge Christel that the ALJ provided clear and convincing reasons for discrediting Hookano's testimony.

Second, Hookano objects to Judge Christel's conclusion that the ALJ provided specific and legitimate reasons for discounting Dr. Nicacio's opinion. Dkt. 19 at 3. Hookano contends that Judge Christel improperly attributed a rationale to the ALJ that she did not rely upon. *Id.* The Court agrees. Judge Christel stated that the ALJ gave limited weight to Dr. Nicacio's opinion because it was inconsistent with her treatment notes. Dkt. 18 at 6. The ALJ, however, did not invoke this reason when she rejected Dr. Nicacio's opinion.[1] *See* AR 30–31. The Court therefore declines to adopt the R&R on this point. *See Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) ("We cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision."). Notwithstanding this error, the Court agrees with Judge Christel's conclusion that the ALJ provided specific and legitimate reasons for discounting Dr.

---

[1] The ALJ stated that Dr. Hurley's opinion failed to account for treatment notes. AR 31.

Nicacio's opinion. The ALJ gave limited weight to Dr. Nicacio's opinion because it was inconsistent with objective medical evidence and largely based on Hookano's subjective complaints. AR 30–31. These reasons are supported by substantial evidence in the record. *See* AR 30–31, 519–20, 560–62, 569–70, 664–67. Accordingly, the ALJ did not err by discounting Dr. Nicasio's opinion.

Finally, Hookano argues that Judge Cristel improperly determined that the ALJ committed harmless error by rejecting the testimony of Hookano's daughter. Dkt. 19 at 4. Although the ALJ found Hookano's daughter to be generally credible, the ALJ considered the daughter's observations with "great caution" because the daughter did not "possess the expertise nor the motivation to offer an objective or functional assessment" and her opinion "appear[ed] to be colored by affection" for Hookano. AR 31. The Court agrees with Judge Christel that these two reasons are not germane. *See* Dkt. 18 at 8–9. First, a lay witness's lack of medical expertise is not a legitimate basis for discrediting testimony. *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009); 20 C.F.R. § 404.1513(d)(4). Second, testimony from family members may not be disregarded simply because of their relationship to the claimant. *Valentine v. Comm'r Soc. Sec. Admin.*, 573 F.3d 685, 694 (9th Cir. 2009). In this case, the ALJ did not point to any evidence to support a finding that Hookano's daughter was biased. *See* AR 31. In the absence of such evidence, the daughter's assumed affection for Hookano is an insufficient reason to discredit the daughter's testimony. *See Valentine*, 573 F.3d at 694.

Although the ALJ erred in considering the daughter's testimony with "great caution," the Court agrees with Judge Christel that the ALJ's error was harmless.

1  Hookano's daughter did not describe any limitations beyond those described by

2  Hookano.  *Compare* AR 61 & 71, *with* AR 288.  As discussed above, the ALJ validly

3  rejected the limitations described by Hookano.  Because the daughter's testimony does

4  not alter the ultimate nondisability determination, the ALJ's error was harmless.  *See*

5  *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) ("Because the ALJ had validly

6  rejected all the limitations described by the lay witnesses in discussing [the claimant's]

7  testimony . . . the ALJ's failure to give specific witness-by-witness reasons for rejecting

8  the lay testimony did not alter the ultimate nondisability determination.  Accordingly, the

9  ALJ's error was harmless.").

10       Therefore, the Court having considered the R&R, Hookano's objections, and the

11  remaining record, does hereby find and order as follows:

12       (1)   The R&R is **ADOPTED in part** and **DECLINED in part**;

13       (2)   The ALJ's decision is **AFFIRMED**; and

14       (2)   This action is **DISMISSED**.

15       **IT IS SO ORDERED**.

16       Dated this 20th day of July, 2015.

                                                    _____
                                                    BENJAMIN H. SETTLE
                                                    United States District Judge

ORDER - 4